UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SANSONE,<br><br>           Plaintiff,<br><br>   vs.<br><br>J. C. THOMAS,<br><br>           Defendant. | 1:13-cv-01942-GSA-PC<br><br>ORDER DENYING MOTION TO WITHDRAW CONSENT TO JURISDICTION OF MAGISTRATE JUDGE<br>(Doc. 6.) |

## I.    RELEVANT PROCEDURAL HISTORY

Richard Sansone ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on December 2, 2013. (Doc. 1.)  On December 11, 2013, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 3.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).  (Doc. 5.)

On February 15, 2011, Plaintiff filed a motion to withdraw his consent to the jurisdiction of a Magistrate Judge.  (Doc. 6.)

## II. CONSENT TO JURISDICTION OF A MAGISTRATE JUDGE

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). This right can be waived, allowing parties to consent to trial before a magistrate judge. Dixon at 479-480; Pacemaker at 542; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon at 480 (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480.

Plaintiff states that he "would like to withdraw my consent [because] I don't want a magistrate judge I want a Judge." (Doc. 6.) Plaintiff is advised that withdrawal of his consent would not remove the assignment of a Magistrate Judge to his case. If all parties consent to Magistrate Judge jurisdiction, the case will be reassigned to the Magistrate Judge and the Magistrate Judge will decide all further matters. If the defendant declines Magistrate Judge jurisdiction, the District Judge will resolve all dispositive matters and conduct the trial, if there is one. However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge, made pursuant to 28 U.S.C. § 636 and Local Rule 302, for non-dispositive matters and for the issuance of Findings and Recommendations on dispositive motions.

Plaintiff has not shown good cause or presented evidence of extraordinary circumstances for the Court to allow Plaintiff to withdraw his consent to jurisdiction of the Magistrate Judge. Therefore, Plaintiff's motion shall be denied.

///

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to withdraw his consent to the jurisdiction of a United States Magistrate Judge is DENIED.

IT IS SO ORDERED.

Dated: **January 9, 2014**                    **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE