# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD SANSONE, ) 1:13-cv-01942 GSA PC
)
        Plaintiff, ) ORDER REQUIRING PLAINTIFF TO
) FILE AMENDED COMPLAINT OR
        v. ) NOTIFY COURT OF WILLINGESS TO
) PROCEED ONLY ON CLAIMS
) FOUND TO BE COGNIZABLE
J. C. THOMAS, )
) RESPONSE DUE IN THIRTY DAYS
        Defendant. )
)

## I.    Screening Requirement

     Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on December 11, 2013 (ECF No. 5).

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

### A.   Summary of Complaint

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Sacramento State Prison, brings this civil rights action against Defendant Correctional Officer J.C. Thomas, an employee of the Department of Corrections and Rehabilitation at Corcoran State Prison. The event at issue in this lawsuit occurred while Plaintiff was housed at Corcoran. Plaintiff claims that Defendant Thomas subjected him to excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

Plaintiff alleges that on Tuesday, October 22, 2013, he was escorted to the 3A Dental Clinic by Defendant. Plaintiff alleges that he was irritated with the dental assistant because she was asking him questions that he had already answered. At some point, the dental assistant directed Defendant to return Plaintiff to his cell. Plaintiff alleges that the following occurred:

> I had a blood pressure cuff on my arm I told J.C. Thomas to take the blood pressure cuff off he grabbed me by my shirt being a big C/O he was intimidation [sic], he stated "I'm gonna f**k you up." I said no he wasn't he told me to stand up. I did. He threw me to

2

> the floor and punched me in the jaw full force other C/Os jumped
> land on my neck with the knee causing a pinch nerve and shooting
> pain in my back.  J.C. Thomas lied and said I kicked him that's
> why he threw me down.

The Court finds that Plaintiff has alleged facts that state a colorable claim for relief against Defendant Thomas for excessive force in violation of the Eighth Amendment.

### B.     Unrelated Claim

Plaintiff attaches to his complaint another statement of claim.  This statement of claim refers to an individual not named as a Defendant, and alleges that Plaintiff is not receiving his psychiatric medications.   It is unclear if Plaintiff is attempting to pursue other claims for relief or not.

 "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a).  Thus, multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees.  28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

While Plaintiff states one cognizable claim, he clearly violates Rule 18(a) by including an unrelated claim.  Plaintiff will be given an opportunity to file an amended complaint under this case number, wherein he is directed to plead/allege only related claims.  All unrelated claims should be brought in separate suits.  Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be barred from filing in forma pauperis in the future.

///

### III. Conclusion and Order

Plaintiff's complaint states a claim under the Eighth Amendment against Defendant Thomas for use of excessive physical force. However, the complaint does not state any other cognizable claims. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will forward to Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint including only related claims, or

4

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant Thomas for use of excessive physical force, and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

 Dated:  **May 15, 2014**     **/s/ Gary S. Austin**
            UNITED STATES MAGISTRATE JUDGE