UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SANSONE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. C. THOMAS,<br><br>　　　　　Defendant. | 1:13-cv-01942-LJO-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 19) |

On September 15, 2014, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, Plaintiff argues that he is in a mental health program, cannot afford counsel, and is detained in administrative segregation with limited access to his legal property and the law library. This does not make Plaintiff's case exceptional. This court is faced with similar cases daily. While the court has found that "Plaintiff's complaint states a claim under the Eighth Amendment against Defendant Thomas for use of excessive physical force," this finding is not a determination that Plaintiff is likely to succeed on the merits and at this juncture, the court cannot find that Plaintiff is likely to succeed on the merits. (Order, Doc. 9 at 4:3-4.) Plaintiff's claim for excessive force against one defendant does not appear complex, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 18, 2014**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE