UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SANSONE,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. C. THOMAS,<br><br>          Defendant. | 1:13-cv-01942-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br>(Doc. 20.)<br><br>ORDER FOR CLERK TO FILE FIRST AMENDED COMPLAINT LODGED ON SEPTEMBER 18, 2014<br>(Doc. 22.)<br><br>ORDER STAYING DISCOVERY PENDING FURTHER ORDER |

## I.     BACKGROUND

Richard Sansone ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on the original Complaint filed by Plaintiff on December 2, 2013, against defendant Correctional Officer J. C. Thomas, for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1.)

On September 2, 2014, defendant Thomas filed an Answer to the Complaint.  (Doc. 14.)  This case is now in the discovery phase, pursuant to the court's scheduling order issued on September 5, 2014.  (Doc. 16.)

On September 18, 2014, Plaintiff filed a motion for leave to amend the Complaint, and lodged a proposed First Amended Complaint.  (Doc. 20, 22.)  Defendant Thomas has not filed an opposition.

---

[1] On May 29, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 11.)

1

## II.     MOTION FOR LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff does not have written consent of defendant Thomas, Plaintiff requires leave of court to file an amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Plaintiff seeks to amend the Complaint to make minor corrections, add Doe defendants, and add new claims to this action.   Plaintiff argues that the new claims are related to the existing claim in this action.

### Discussion

The court has reviewed the proposed First Amended Complaint. Plaintiff seeks to add defendant Jane Doe (Dental Assistant) for inadequate medical care, for asking Plaintiff improper questions during a dental appointment and for denying Plaintiff medical care for three hours after he was assaulted, in violation of the Eighth Amendment. Plaintiff also seeks to add defendant John Doe #1 (Correctional Officer) for use of excessive force in violation of the Eighth Amendment, for participating in the assault against Plaintiff by pouncing on Plaintiff's neck with his knee. In addition, Plaintiff seeks to add defendant John Doe #2 (Correctional Sergeant) for denying Plaintiff medical care for three hours after he was assaulted. Further, Plaintiff seeks to add defendants John Doe #3 (Appeals Coordinator) and John Doe #4

(Warden), for denial of access to courts and due process violations, for failing to respond to the inmate appeals Plaintiff submitted to them.

The court finds Plaintiff's proposed new claims to be related, under Rule 18(a), to the existing excessive force claim against defendant Thomas, because they arise from the same allegations found in Plaintiff's original Complaint.  The court finds no evidence of bad faith by Plaintiff or of futility in allowing the First Amended Complaint to be filed.  The court finds no undue delay or prejudice to Defendant in allowing Plaintiff's amendment, and Defendant has not raised any argument concerning these or any other considerations.  Therefore, Plaintiff's motion for leave to amend shall be granted, and the Clerk shall be directed to file the proposed First Amended Complaint.

The First Amended Complaint shall be screened in due time under 28 U.S.C. § 1915A. Therefore, discovery in this action shall be stayed pending further court order.

### III. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend, filed on September 18, 2014, is GRANTED;
2. The Clerk is directed to file Plaintiff's First Amended Complaint which was lodged on September 18, 2014;
3. The First Amended Complaint shall be screened in due time under 28 U.S.C. § 1915A; and
4. Discovery in this action is STAYED pending further court order.

IT IS SO ORDERED.

Dated:  **November 13, 2014**               **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE