UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SANSONE,<br><br>            Plaintiff,<br><br>     v.<br><br>J. C. THOMAS,<br><br>            Defendant. | 1:13-cv-01942-DAD-EPG-PC<br><br>ORDER FINDING COGNIZABLE CLAIMS<br><br>ORDER FOR PLAINTIFF TO EITHER:<br><br>(1) FILE SECOND AMENDED COMPLAINT, OR<br><br>(2) NOTIFY COURT OF HIS WILLINGNESS TO PROCEED ONLY WITH EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS THOMAS AND JOHN DOE #1<br><br>THIRTY-DAY DEADLINE |

**I.   BACKGROUND**

Plaintiff Richard Sansone ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed an original Complaint commencing this action on December 2, 2013. (ECF No. 1.) The Court[1] previously found on a screening order that Plaintiff stated a claim against Defendant Thomas for excessive force in

---

[1] The prior sceening order was issued by Magistrate Judge Gary Austin.

1

violation of the Eighth Amendment. In that prior complaint, Plaintiff had asserted an unrelated claim that was dismissed by the Court with leave to amend.

Plaintiff's First Amended Complaint reasserts his excessive force claim against Defendant Thomas, and the Court affirms that Plaintiff states a claim against Defendant Thomas. Plaintiff's amended complaint also asserts claims against various Doe defendants. The Court finds that Plaintiff states a claim for excessive force against Defendant John Doe #1, but fails to state any other claim against any of the other Doe defendants. Additionally, Plaintiff's amended complaint includes a cause of action for violation of due process on the ground that prison officials failed to adequately address his prison grievances. The Court finds that Plaintiff fails to state a due process claim against any of the defendants.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.  SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR), brings this civil rights action against Defendant Correctional Officer J.C. Thomas, an employee of the CDCR at Corcoran State Prison.  Plaintiff also names five unnamed Doe defendants: a dental assistant, a correctional officer, a correctional sergeant, an appeals coordinator, and a warden.  The events at issue in this lawsuit occurred while Plaintiff was housed at Corcoran State Prison.  Plaintiff claims that Defendant Thomas subjected him to excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.  He also claims that a dental assistant failed to provide him with medical care, that a correctional officer and correctional sergeant subjected him to excessive force, and that the appeals coordinator and warden violated his rights to due process.

Plaintiff alleges that on October 22, 2013, he was escorted to the Dental Clinic by Defendant Thomas. Plaintiff alleges that he was irritated with the dental assistant because she was asking him questions that he had already answered. In particular, the dental assistant allegedly asked questions "such as why plaintiff was convicted of, the reason for his housing, and why he felt he was entitled to any dental care and treatment."  (ECF No. 27, at p. 4.) Plaintiff became irritated and the questions and asked to be returned to his cell.

Plaintiff alleges that Defendant Thomas then approached Plaintiff and "grabbed Plaintiff's shirt and state[d] 'I'm gonna fuck you up!'" (ECF No. 27, at p. 4.)  Defendant Thomas then forceably pulled Plaintiff to his feet and "then threw Plaintiff to the floor in a unprovoked attack and hit Plaintiff with full force with his fist to the jaw." (ECF No. 27, at p. 5.)  Plaintiff alleges that Defendant John Doe #1 then "pounced on Plaintiff's neck with his

knee while Thomas drove his knee with his full weight to Plaintiff's back causing shooting pain from the neck to lower back." (ECF No. 27, at p. 5.)  Plaintiff did not receive emergency medical care for approximately three hours "until after repeated pleas for help to Defendant John Doe #2."

Plaintiff next alleges that the appeals coordinator and warden denied him due process and blocked his access to the courts.  In particular, he states that he filed an administrative appeal on October 26, 2013.  (ECF No. 27, at p. 6.)  Plaintiff received no response.  He then submitted the appeal directly the the warden, but again received no response.

**IV.     EXCESSIVE FORCE**

The Eighth Amendment prohibits those operating our prisons from using "excessive physical force against inmates." Farmer v. Brennan, 511 U.S. 825 (1994); Hoptowit v. Ray, 682 F.2d 1237, 1246, 1250 (9th Cir. 1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); see also Vaughan v. Ricketts, 859 F.2d 736, 741 (9th Cir. 1988), cert. denied, 490 U.S. 1012 (1989). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Farmer, 511 U.S. at 834.

The Court's prior screening order concluded that Plaintiff set out a claim for excessive force against Defendant Thomas. (ECF No. 9, at p. 3.) ("The Court finds that Plaintiff has alleged facts that state a colorable claim for relief against Defendant Thomas for excessive force in violation of the Eighth Amendment.").  This Court affirms this decision and holds that Plaintiff's Amended Complaint states a claim for excessive force in violation of the Eighth Amendment against Defendant Thomas.

The Court finds that Plaintiff's complaint also states a claim for excessive force against Doe Defendant #1.  Plaintiff alleges "Defendant John Doe #1 then pounced on Plaintiff's neck with his knee while Thomas drove his knee with his full weight to Plaintiff's back causing shooting pain from the neck to lower back." (ECF No. 27, at p. 5.)  While much of the context is missing and the Doe defendant is not identified, the Court finds that taking Plaintiff's

allegations as true and liberally construing Plaintiff's complaint, Plaintiff states a claim against John Doe #1 for excessive force.

**V.      INDIFFERENCE TO MEDICAL NEEDS**

A prison official's deliberate indifference to an inmate's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998).  To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious and that the defendant official acted with a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).  A "serious" medical need arises if the failure to treat the plaintiff could result in further significant injury or the "unnecessary and wanton infliction of pain."  Gamble, 429 U.S. at 104 (internal quotation omitted); Wilhem v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

A sufficiently culpable state of mind exists when prison officials "deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations and citations omitted); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing Gamble, 429 U.S. at 104-05); see also, e.g., Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981).

The Court finds that Plaintiff fails to state a claim against Defendant Jane Doe #1 for deliberate indifference to Plaintiff's medical needs.  Plaintiff alleges that Defendant Jane Doe #1, who is a dental assistant, asked Plaintiff questions that had no relation to Plaintiff's dental care needs, including why plaintiff was convicted.  Plaintiff then became irritated and asked to be returned to his cell.  (ECF No. 27, at 4.)  The Court finds that Plaintiff's allegations do not

amount to an objectively serious level of medical care. Nor do Plaintiff's allegations indicate that Jane Doe #1's failure to treat the plaintiff, at least without further questioning, could result in further significant injury or the "unnecessary and wanton infliction of pain." While Jane Doe #1's alleged questioning appears inappropriate and irritating, Plaintiff left after being questioned. Defendant Jane Doe #1 did not deny medical care, nor did Plaintiff suffer a serious medical injury from failing to receive medical care at that time.

Similarly, the Court finds that Plaintiff fails to state a claim against Defendant John Doe #2 for deliberate indifference. Plaintiff alleges that "though Plaintiff complained of sever [sic] pain and immobility, he was denied emergency examination for approximately three hours until after repeated pleas for help to defendant John Doe #2." While the delay in treatment may have caused Plaintiff to suffer unnecessary pain, Plaintiff does not allege facts indicating a sufficiently culpable state of mind for Defendant John Doe #2.

## VI.  DUE PROCESS

The Court also finds that Plaintiff has failed to state a claim for violation of due process against John Doe #3, the appeals coordinator, or John Doe #4, the warden. Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("Ramirez's claimed loss of a liberty interest in the processing of his appeals does not satisfy this standard, because inmates lack a separate constitutional entitlement to a specific prison grievance procedure."); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

To state a claim for denial of access to courts under the First Amendment, a plaintiff must show that he has suffered an actual injury as a result of the alleged interference. Lewis v. Casey, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). In other words, the plaintiff must be able to show that the deprivation has directly impacted the relevant litigation in a manner adverse to him. Id. at 348 (defining "actual injury" as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."). Plaintiff has not made such a showing.

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals. The procedural guarantees of the Fifth and Fourteenth Amendments' Due Process Clauses apply only when a constitutionally protected liberty or property interest is at stake. See Ingraham v. Wright, 430 U.S. 651, 672-73 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003); Neal v. Shimoda, 131 F.3d 818, 827 (9th Cir. 1997); Erickson v. United States, 67 F.3d 858, 861 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir. 1995); Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir. 1993).

Plaintiff's allegations may become relevant if and when Defendants choose to challenge Plaintiff's exhaustion of administrative remedies, but Plaintiff does not set out an independent claim for violation of due process. The Court is reviewing Plaintiff's complaint and so Plaintiff has access to the Court now.

**VII.   CONCLUSION AND ORDER**

The Court finds that Plaintiff's First Amended Complaint states cognizable claims against Defendants Thomas and John Doe #1 for excessive force. However, Plaintiff fails to state any other claims upon which relief may be granted under § 1983.

Plaintiff shall be required to either file a Second Amended Complaint, or notify the Court of his willingness to proceed only on the excessive force claim against Defendants Thomas and John Doe #1 found cognizable by the court. Should Plaintiff choose to proceed only on the cognizable excessive force claims, the Court will begin the process to initiate service upon Defendant Thomas.[2]

Should Plaintiff choose to amend the complaint, the Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to

---

[2] Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should state clearly, in his own words, what happened and how each defendant's actions violated the particular right described by Plaintiff.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding allegations of events occurring or claims arising after the original Complaint was filed on December 7, 2013. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff should take care to include only those claims that were administratively exhausted before he filed the initial Complaint on December 7, 2013.

If Plaintiff decides to file a First Amended Complaint, he is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

(1) File a Second Amended Complaint curing the deficiencies identified in this order, or

(2) Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the cognizable excessive force claims against defendants Thomas and John Doe #1 discussed above;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:13-cv-01942-DAD-EPG-PC; and

4. If Plaintiff fails to comply with this order, this action may be dismissed for failure to comply with a Court order.

IT IS SO ORDERED.

Dated: **January 22, 2016**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE