UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. SANSONE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. C. THOMAS, et. al.,<br><br>　　　　Defendants. | No.: 1:13-cv-01942-DAD-EPG<br><br>ORDER DENYING MOTION FOR SANCTIONS AND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 40.) |

　　　Plaintiff Richard M. Sansone is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Doc. No. 4.) Defendant Thomas declined magistrate judge jurisdiction over this action for all purposes, and this matter was therefore referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. (Doc. No. 17.) This action is currently proceeding on plaintiff's First Amended Complaint ("FAC"), filed on November 13, 2014, against defendants Thomas and John Doe #1 for use of excessive force in violation of the Eighth Amendment. (Doc. No. 27.)

　　　One June 10, 2016, plaintiff filed a motion seeking the imposition of sanctions and a motion for appointment of counsel. (Doc. No. 40.) Plaintiff directs his motion directly to the undersigned as the district judge assigned to this action. (*Id.*) Defendant Thomas filed an opposition to the motion for sanctions on June 30, 2016. (Doc. No. 50.)

/////

## I.  Motion for Sanctions

Plaintiff requests the imposition of sanctions on defendant Thomas for failing to comply with the assigned magistrate judge's order issued on May 9, 2016. (Doc. No. 37.) That order required defendant Thomas to file an answer or other pleading responsive to plaintiff's FAC within thirty days of the *date of service* of the order. (*Id.*) Plaintiff argues in his motion for sanctions that defendant Thomas did not file an answer within the thirty day time period provided and should be sanctioned accordingly.

Plaintiff's motion for sanctions will be denied because defendant Thomas filed an answer within the thirty day time period required by the magistrate judge's order. (Doc. No. 39.) The order was filed and *served* on May 9, 2016. (Doc. No. 37.) Defendant Thomas filed an answer to the FAC on June 6, 2016, which was within thirty days of the date of service of the order.

## II.  Motion for Appointment of Counsel

Plaintiff requests appointment of counsel by the court. (Doc. No. 40, at 2.) District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F. 2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright,* 900 F. 2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issued involved. *Palmer v. Valdez*, 560 F. 3d 965, 970 (9th Cir. 2009).

Plaintiff argues that he cannot adequately litigate this case without counsel because all of his personal property was lost when he was transferred to Pelican Bay State Prison. (Doc. No. 40, at 1.) He explains that the lost personal property included all of his legal work pertaining to this case, his Federal Rules of Civil Procedure, the Local Rules, and Black's Law Dictionary. (*Id.*) Plaintiff also claims that he has no access to the law library or the regular library at his institution of confinement. (*Id.*) The court is sympathetic to plaintiff's situation regarding his lost property. Nonetheless, "[c]ircumstances common to most prisoners, such as lack of legal education and

limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." *West v. Dizon*, No. 2:12-cv-1293 DAD P., 2014 WL 114659, *4 (E.D. Cal. Jan. 9, 2014). The court concludes that at this time there are no exceptional circumstances present in this case requiring the appointment of counsel on plaintiff's behalf. His motion seeking the appointment of counsel will therefore be denied without prejudice.

**III.     Conclusion[1]**

    Accordingly, based upon the foregoing:

1. Plaintiff's motion for sanctions (Doc. No. 40), is denied; and
2. Plaintiff's motion for appointment of counsel (Doc. No. 40), is denied without prejudice.

IT IS SO ORDERED.

Dated:  **August 2, 2016**　　　　　　　　　　　／s／ Dale A. Drozd
                                           UNITED STATES DISTRICT JUDGE

---

[1] For purposes of expediency the undersigned has addressed plaintiff's motion. Plaintiff is cautioned, however, that this case has been referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. (*See* Doc. No. 17.) Plaintiff is forewarned not to direct future motions to the undersigned which are appropriately to be addressed by the assigned magistrate judge in the first instance. The undersigned will not address any such improperly directed motions in the future.