# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. SANSONE, | CASE NO. 1:13-cv-01942-DAD-EPG (PC) |
| Plaintiff | |
| | Discovery Status Conference: January 25, 2017<br>Time: 2:00 p.m.<br>Courtroom 10 (EPG) |
| v. | |
| | *Albino* Hearing: November 17, 2016<br>Time: 10:00 a.m.<br>Courtroom 10 (EPG) |
| J.C.THOMAS, ET AL., | Deadline to Amend Pleadings: December 14, 2016 |
| Defendants. | |
| | Non-expert discovery deadline: February 14, 2017 |
| | Expert Disclosures: August 23, 2017 |
| | Rebuttal Expert: September 20, 2017 |
| | Expert Cutoff: October 25, 2017 |
| | Dispositive Motion Filing Deadline: April 24, 2017 |
| | Telephonic Trial Confirmation Hearing: February 5, 2018<br>Time: 1:30 p.m.<br>Courtroom 5 (DAD) |
| | Jury Trial: April 3, 2018<br>Time: 8:30 a.m.<br>Courtroom 5 (DAD) |

This Court conducted a scheduling conference on October 12, 2016. Plaintiff Richard M. Sansone telephonically appeared on his own behalf. Counsel Monica N. Anderson telephonically appeared on behalf of the Defendants. Pursuant to Fed. R. Civ. P. 16(b), this Court now sets a schedule for this action.

1

## I. DISCOVERY PROCEDURES

The parties were previously instructed in the Court's discovery procedures in the Court's June 14, 2016 order. (ECF No. 42.) Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, and as discussed on the record, the Court issues the following additional discovery orders:

1. Defendants have withheld documents on the basis of the official information privilege. Defendants shall submit any such documents to the Court for *in camera* review no later than **November 11, 2016**. If any additional documents are withheld on the basis of official information privilege, Defendants shall submit those documents for *in camera* review no more than **2 weeks** after the privilege objection is served on Plaintiff.

2. Pursuant to Defendants' request, **November 25, 2016** shall be the final date for either party to serve any discovery request.

3. With the Court's permission, Plaintiff may serve third party subpoenas, including on the California Department of Corrections and Rehabilitation if Plaintiff seeks documents from them. To issue a subpoena on these entities, or any other third parties, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and may command service of the subpoena by the United States Marshal Service. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendant(s) through a request for production of documents. Fed. R. Civ. P. 34. In any request for a subpoena, Plaintiff must: (1) identify with specificity the documents sought and from whom, and (2) make a showing in the request that the records are only obtainable through that third party. The documents requested must also fall within the scope of discovery allowed in this action. See Fed. R. Civ. P. 26(b)(1).

4. Within **thirty (30) days** from the date of this Order, Defendant(s) shall disclose to the Plaintiff the identity of the John Doe defendants or, if the Defendant(s) are unable to

make a specific identification, any document or information which would assist in the identification of the John Does.  Defendant(s) are not required to produce photographs of CDCR employees or inmates. Plaintiff shall have until **December 14, 2016** to:  (a) move to amend the complaint to add or substitute specific defendants for the John Does; (b) identify additional steps that can be taken to identify the John Does who remain unidentified; or (c) move to amend the complaint to include any additional claims or parties.  Failure to comply with this requirement will result in the dismissal of the John Does, and will bar further amendment of the complaint, unless good cause for the amendment can be shown.

5. A discovery conference has been set for **January 25, 2017 at 2:00 p.m**.  Two weeks before the discovery conference, the parties may file a motion to compel further discovery responses.  One week before the discovery conference, the responding party may file a response to the motion to compel.  The motion should include a copy of the request(s) and any response to the request(s) at issue. Unless there is a need for discovery prior to the conference, no motions to compel shall be filed earlier than the dates set forth above.  Motions to compel will not be permitted after the discovery conference absent good cause.  The parties should be prepared to address all discovery disputes at the discovery conference.

## II.     EXHAUSTION MOTIONS

Defendants have filed a motion for summary judgment under Fed. R. Civ. P. 56 for failure to exhaust administrative remedies.  (ECF No. 43.)  Given the disputes of fact regarding the issue of exhaustion of administrative remedies, which were discussed on the record, the Court will conduct an *Albino* evidentiary hearing.  See Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014), cert. denied sub nom. Scott v. Albino, 135 S.Ct. 403 (2014).  Following the hearing, the Court will issue findings and recommendations on the issue of exhaustion. The *Albino* evidentiary hearing is set for **November 17, 2016 at 10:00 a.m.** in Courtroom 10.

## III.    DISCOVERY DEADLINE

The deadline for the completion of all discovery is **February 14, 2017**.  All discovery must be provided by this date, including discovery compelled following the discovery conference.

## IV.     DISPOSITIVE MOTIONS DEADLINE

The deadline for filing all dispositive motions pursuant to Fed. R. Civ. P. 56 is **April 24, 2017**.

## V.     SETTLEMENT CONFERENCE

Based on the pending motion for summary judgment and the lack of a settlement demand from Plaintiff, the parties have not agreed that a settlement conference is appropriate at this time. Plaintiff is encouraged to submit a demand for settlement to Defendants and the parties are encouraged to contact the Court for any assistance in scheduling a settlement conference.  Note that a settlement conference will be required before trial.

## VI.     MAGISTRATE JUDGE JURISDICTION

The parties have declined the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 17.)

## VII.     TELEPHONIC TRIAL CONFIRMATION HEARING

The Telephonic Trial Confirmation Hearing is set for **February 5, 2018 at 1:30 p.m.**, in Courtroom 5, before District Judge Dale A. Drozd.

## VIII.     COURT TRIAL DATE

A trial is set for **April 3, 2018 at 8:30 a.m.**, in Courtroom 5, before District Judge Dale A. Drozd.

## IX.     EFFECT OF THIS ORDER

This order represents the Court and the parties' best estimated schedule to complete this case.  Any party unable to comply with the dates outlined in this order shall immediately file an appropriate motion or stipulation identifying the requested modification(s).

*The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause, even if a stipulation to modify is filed.*  Due to the impacted nature of the civil case docket, this Court disfavors requests to modify established dates.

\\\
\\\
\\\
\\\

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

    Dated:  **October 13, 2016**          /s/ Erica P. Grosjean
                                               UNITED STATES MAGISTRATE JUDGE