1

2

3

4

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

11 | RICHARD M. SANSONE,

12 |           Plaintiff,

13

14 |     v.

15 | J.C. THOMAS, ET AL.,

16 |           Defendants.

17

**Case No.  1:13-cv-01942-DAD-EPG (PC)**

**ORDER RE: PRODUCTION OF DOCUMENTS SUBMITTED FOR IN CAMERA REVIEW**

18        Plaintiff Richard M. Sansone is a state prisoner proceeding *pro se* in this civil rights

19 action under 42 U.S.C. § 1983. Plaintiff alleges a violation of his Eighth Amendment rights

20 based on Defendants' excessive use of force against him while he was incarcerated at

21 California State Prison - Corcoran.

22        Pursuant to the Court's order requiring initial disclosures (ECF No. 54), Defendant J.C.

23 Thomas provided a privilege log indicating he was withholding certain documents pursuant to

24 the Official Information Privilege.  During a telephonic initial scheduling conference, as

25 clarified in a subsequent order, the Court ordered Defendant to submit the documents that were

26 withheld for *in camera* review. (ECF No. 67.)  Defendant timely submitted such documents for

27 *in camera* review.  Defendant submitted a privilege log that had been produced to Plaintiff, a

28 declaration by M. Kimbrell, the Litigation Coordinator at CSP – Corcoran, the original

1   response to Plaintiff's requests for production, and documents bates stamped AGO – 0037 to

2   AGO – 0055.  The Court has reviewed the documents and orders certain disclosures.

3   **I.    LEGAL STANDARDS**

4          In *Kerr v. United States Dist. Ct. for the N. Dist. of Cal.*, 511 F.2d 192 (9th Cir. 1975),

5   *aff'd* 426 U.S. 394 (1976), the Ninth Circuit Court of Appeals examined the government's

6   claim of the official information privilege as a basis to withhold documents sought under the

7   Freedom of Information Act.  It explained that the "common law governmental privilege

8   (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a

9   qualified privilege, contingent upon the competing interests of the requesting litigant and

10  subject to disclosure . . . ." *Id.* at 198 (internal citations and quotations omitted).

11         The Ninth Circuit has since followed *Kerr* in requiring a balancing of interests and *in*

12  *camera* review in ruling on the government's claim of the official information privilege. *See,*

13  *e.g., Seminara v. City of Long Beach*, 68 F.3d 481 (9th Cir. 1995) (affirming Magistrate Judge

14  order compelling disclosure and stating "Federal common law recognizes a qualified privilege

15  for official information."); *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th

16  Cir. 1976) ("Also, as required by Kerr, we recognize 'that in camera review is a highly

17  appropriate and useful means of dealing with claims of governmental privilege.'"); *Kerr*, 511

18  F.2d at 198.  "Government personnel files are considered official information. To determine

19  whether the information sought is privileged, courts must weigh the potential benefits of

20  disclosure against the potential disadvantages. If the latter is greater, the privilege bars

21  discovery." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990), *as amended*

22  *on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991) (internal

23  citations and quotations omitted).

24  **II.    ANALYSIS**

25         Defendant has withheld reports, memoranda, and other documents related to a

26  personnel investigation associated with the underlying event in this case.  Specifically, the

27  withheld documents include:

28

2

1    • An Incident Commander's Review Report, dated October 28, 2013;

2    • Manager Review reports for two levels of review, dated October 30, 2013 and

3    December 10, 2013;

4    • Four reports from the Institutional Executive Review Committee, one dated May

5    13, 2014 and three dated May 7, 2014; and,

6    • A report detailing an interview with Plaintiff, dated December 10, 2013.

7    Notably, some of the documents reference a video tape interview of Plaintiff. It is

8    unclear, however, whether that interview has been produced to Plaintiff or is included within

9    the documents for which Defendant is claiming a privilege.

10    The Declaration of M. Kimbrell details a number of reasons why the documents should

11    not be disclosed. Among other reasons, Kimbrell states that the process and findings of

12    investigations conducted by CDCR are confidential and that such confidentiality promotes

13    truthfulness in the investigation. Moreover, Kimbrell argues, the investigatory process that

14    CDCR uses must be protected from inmates to preserve it from potential manipulation.

15    Moreover, the documents include sensitive personal information of CDCR employees, which is

16    protected by state law.

17    Defendants may withhold personal information that is required to protect the privacy

18    and security of correctional officers.  This decision is without prejudice to a later request by

19    Plaintiff for sufficient information about the witnesses to compel their attendance at deposition

20    or trial, if necessary.  To the extent the documents discuss the investigation policies or

21    procedures that CDCR follows or used in its internal investigation, they are also privileged.

22    Where, however, the documents discuss the underlying facts of the case, no privilege attaches

23    and the documents are discoverable. In some cases, the reviewed documents contain both

24    categories of information and it is appropriate to redact the documents before production.

25    Specifically, the Court will allow Defendants to withhold Privilege Log Item Nos. 1, 2,

26    and 3 in their entireties.  Those documents discuss the applicable CDCR policies and contain

27    little or no unique factual information describing the underlying incident.  Rather, they concern

28    administrative actions taken as a result of the investigation.  Such internal CDCR proceedings

1   are not relevant to the factual questions in this case and any relevant information is outweighed

2   by concerns regarding revealing internal CDCR procedures.

3            Privilege Log Item No. 4 is a Memorandum by the Institutional Executive Review

4   Committee, dated May 13, 2014.  This document contains a variety of information, including

5   factual information about the incident in question. It also discusses, however, investigative

6   actions taken after the incident, as well as information about other, unrelated incidents. It also

7   contains information about CDCR employees unrelated to the incident in this case.  The Court

8   thus determines that this document may be produced in redacted form. In particular, the

9   portions of AGO – 0044 and AGO – 0045 that describe only the sequence of events that

10  occurred on October 22, 2013 should be produced to Plaintiff. The remainder of the

11  Memorandum can be redacted, including, for example, the lower half of AGO – 0045 and the

12  remainder of the document. Substantial portions of the cover page to the memorandum (AG –

13  0043) have little or no relevance and may be redacted, as well.

14           Privilege Log Nos. 5, 6, and 7 are, similar to Nos. 1 – 3, focused largely on the

15  administrative actions after the incident occurred and contain little information of relevance to

16  the claims in this case. Thus, the privilege is properly asserted with respect to these documents

17  and disclosure is not required.

18           Finally, Privilege Log No. 8 is a report dated December 10, 2013 that summarizes an

19  interview of Plaintiff that was conducted after the incident. This document consists of factual

20  information that Plaintiff provided in his interview with correctional officers and does not

21  appear to include information related to actions or investigations that occurred after the

22  incident. This document should thus be produced.

23  **III.   CONCLUSION**

24           Accordingly, IT IS HEREBY ORDERED that:

25       1.   Within **14 days** from this order, Defendant shall produce to Plaintiff the documents

26            withheld under the official information privilege and provided *in camera* to the

27            Court as described in this order.

28       2.   Within **30 days** from this order, Defendants shall either provide Plaintiff with the

1  video of Plaintiff's November 22, 2013 interview or provide it to the Court for

2  further *in camera* review.

3

4  IT IS SO ORDERED.

5  Dated:   __**November 21, 2016**__                /s/ *Erica P. Grosjean*

6                                                           UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28